FILED
MAY 30 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 50027 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| RITA A. CRUNDWELL | ) | |

**PROTECTIVE ORDER DIRECTING THE
INTERLOCUTORY SALE OF CERTAIN PROPERTY**

This matter coming before the Court on the government's motion for entry of a protective order directing the interlocutory sale of certain property, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), and the Court being fully advised finds as follows:

(a) On April 16, 2012, during the course of an investigation conducted by the Federal Bureau of Investigation, a seizure warrant was issued in the United States District Court for the Northern District of Illinois for a 2009 Liberty Coach Motor Home, Model H-345, D/S, VIN: 2PCV334988C711148. The warrant was executed on April 17, 2012 in Beloit, Wisconsin, and the subject vehicle has since remained in government custody;

(b) On May 1, 2012, an indictment was returned charging RITA A. CRUNDWELL with wire fraud in violation of Title 18, United States Code, Section 1343. The indictment sought forfeiture to the United States of certain property as property which constitutes or is derived from proceeds traceable to the charged wire fraud offense, including but not limited to the subject vehicle, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C);

(c) RITA A. CRUNDWELL is the record owner of the subject vehicle and

Bank of America is the lien holder. As of April 24, 2012, the ending principal balance owed on the subject vehicle is $434,619.68;

(d) In order to preserve the *status quo* and to preserve the availability of the equity in the foregoing vehicle subject to forfeiture, the United States requested that this Court enter a protective order directing that the subject vehicle be sold by the United States Marshals, and that the proceeds from the sale of the subject vehicle, after payment of certain verifiable costs, be retained in an escrow account maintained by the United States Marshal, pending further order of this Court;

(e) Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction;

(f) Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section;

(g) Failure to take the proposed action relating to the subject vehicle, in all probability, will result in economic damage to the value of the vehicle and jeopardize

the availability of equity in the subject vehicle, thus making the property or proceeds from the sale unavailable for forfeiture. Specifically, the monthly payment owed to Bank of America for the lien on the subject vehicle is $3,866.82. Because the defendant does not have the means to meet the financial responsibilities relating to the subject vehicle, the principal, interest, and penalty fees will accumulate and will diminish the equity available in the subject vehicle. Additionally, the value of the vehicle has been depreciating since seizure and the storage and maintenance costs will continue to accrue, further diminishing the potential equity available in the vehicle;

(h) Accordingly, in order to preserve the availability of equity in the foregoing vehicle subject to forfeiture, the United States requested that this Court enter a protective order directing the interlocutory sale of the subject vehicle. The United States requested that the net proceeds from the sale be retained in escrow by the United States Marshals Service, pending further order of this Court.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That the government's motion for entry of a protective order, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), is granted. It is further ordered,

2. That, a 2009 Liberty Coach Motor Home, Model H-345, D/S, VIN: 2PCV334988C711148, shall be sold by the United States Marshals. It is further ordered,

3. That the proceeds from the sale of the subject vehicle, after the payment of certain verifiable costs, including reasonable and necessary costs incurred by the

United States Marshals Service to effectuate the sale of the subject vehicle and maintain the subject property, shall be retained in the Seized Assets Deposit Fund by the United States Marshals Service pending further order of this Court. It is further ordered,

4. That this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory sale of the subject vehicle.

_____
PHILLIP G. REINHARD
United States District Judge

DATED: 5/30/12