# UNITED STATES DISTRICT COURT

## Northern District of Illinois

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 12 CR 50027 |
| Rita A Crundwell | ) | USM Number: 44540-424 |
| | ) | Paul Edmund Gaziano & Kristin J Carpenter |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1343 | Wire Fraud | 11/2/2011 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**FILED**

FEB 1 5 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

2/14/2013
Date of Imposition of Judgment

_/s/ Philip G. Reinhard_
Signature of Judge

PHILIP G. REINHARD, U.S. DISTRICT JUDGE
Name and Title of Judge

February 14, 2013
Date

DEFENDANT: Rita A Crundwell
CASE NUMBER: 12 CR 50027

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 235 Months

X The court makes the following recommendations to the Bureau of Prisons:

-Defendant should be designated to a facility closest to Beloit, WI.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Rita A Crundwell
CASE NUMBER: 12 CR 50027

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  3 Years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:           Rita A Crundwell
CASE NUMBER:    12 CR 50027

# SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall pay 10% of her net monthly income for Restitution.

2. Defendant shall provide the probation officer with access to any requested financial information.

DEFENDANT: Rita A Crundwell
CASE NUMBER: 12 CR 50027

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ ------ | $ 53,740,394.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| City of Dixon<br>Dixon, IL | $53,740,394.00 | $53,740,394.00 | |
| TOTALS | $ 53,740,394.00 | $ 53,740,394.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  X the interest requirement is waived for the ☐ fine X restitution.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Rita A Crundwell
CASE NUMBER: 12 CR 50027

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 12 CR 50027 |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| RITA A. CRUNDWELL ) | Magistrate P. Michael Mahoney |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853 and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On May 1, 2012, an indictment was returned charging defendant RITA A. CRUNDWELL with wire fraud in violation of Title 18, United States Code, Section 1343;

(b) The indictment sought forfeiture to the United States of any property, real or personal, which constitutes or is derived from proceeds traceable to the charged wire fraud offense, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including but not limited to, funds in the amount of approximately $53,000,000, and the following specific property:

1. the single family residence located at 1679 U.S. Route 52, Dixon, Illinois ("U.S. Route 52 property");

2. the horse farm property located at 1556 Red Brick Road, Dixon, Illinois ("Red Brick Road property");

3. a single family residence located at 1403 Dutch Road, Dixon, Illinois ("Dutch Road property");

4. approximately 80 acres of vacant land located in Lee County, Illinois with Lee County property identification number 14-09-07-100-014 ("farm land in Dixon, Illinois");

5. a single family residence located at 821 East Fifth Street, Englewood, Florida ("Florida property");

6. a 2009 Liberty Coach Motor Home, Model H-345, D/S, VIN 2PCV334988C711148;

7. a 2012 Chevrolet Silverado 3500 pickup truck, white in color, VIN 1GC4K1C82CF114165;

8. a 2012 Featherlite 40' gooseneck car trailer, model 4941, white in color, VIN 4FGB44036CC122485;

9. a 2005 Chevrolet Silverado, black in color, VIN 1GCEK19T65E210034;

10. a 2009 Featherlite Horse Trailer, white in color, VIN 4FGB143339C113479;

11. a 2010 GMC Terrain, gold in color, VIN 2CTFLJEW0A6298888;

12. a 2009 Kenworth T800 Tractor Truck, white in color, VIN 1XKDD49X89J257500;

13. a 2009 Heartland Cyclone 3950 5th Wheel Trailer, VIN 5SFCF40319E050819;

14. a 2005 Ford Thunderbird Convertible, black in color, VIN 1FAHP60A75Y109211;

15. a 2009 Chevrolet Silverado Pickup Truck, white in color, VIN 1GCHK63699F160081;

16. a 2004 Elite Horse Trailer, white in color, VIN 5MKG172740005113;

17. a 2009 Eliminator Trailer, white in color, VIN 5NHUEL9389N065953;

18. a 2010 Elite Trailer, aluminum in color, VIN 5MKWG4535A0011663;

19. a 2007 Chevrolet Silverado 3500 Pickup Truck, white in color, VIN 1GCJK33D57F128224;

20. a 2009 Freightliner Truck, white in color, VIN 1FVAC4CV89HAG9773;

21. a 1967 Chevrolet Corvette Roadster, VIN 194677S103054;

22. a 2000 20' Playbuoy Pontoon Mfg. Pleasure Boat, VIN DVN31584A000;

23. a 2004 Featherlite 6- Horse Trailer, VIN 4FGL042364C065901;

24. a 2004 Featherlite 4-Horse Bumper Pull Trailer, VIN 4FGL028334C065902;

25. a 2007 John Deere Model XUV 6201 Gator/Utility Vehicle, VIN M0XUVGX013939;

26. a 2007 John Deere Model XUV 850 Gator/Utility Vehicle, VIN M0XUVDX011774;

27. a 2007 John Deere Model 757 Z-Track 60" mower, VIN TC0757B065562;

28. a 2009 John Deere Model 5065E Tractor, VIN PY5065U000357;

29. a 2011 John Deere Model X324 Riding Mower, VIN 1M0X324APBM182766;

30. a 1998 Cobalt 25 LS Deck Boat and contents, serial number US-FGE5S004I798;

31. $191,357.75 seized from the RSCDA account on April 17, 2012; and

32. $33,540.82 seized from account xxx79 at The First National Bank, Amboy, Illinois on April 17, 2012;

(c) On September 17, 2012, the United States filed a Bill of Particulars seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), of any and all right, title and interest the defendant may have in certain property constituting and derived from the proceeds traceable to the charged wire fraud violation, including personal property located at 1679 U.S. Route 52, Dixon, Illinois, 1556 Red Brock Road, Dixon, Illinois, and 821 East Fifth, Englewood, Florida; vehicles; miscellaneous tack items; and frozen horse semen in the case of Dr. Tim Strathman, Rockford, Illinois;

(d) On November 6, 2012, the United States filed an Amended Bill of Particulars removing certain items that were listed in the Bill of Particulars filed on September 17, 2012;

3

(e) On November 6, 2012, the United States filed a Second Bill of Particulars seeking forfeiture of the following additional property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C):

1. additional personal property located at 1679 U.S. Route 52, Dixon, Illinois, including miscellaneous household items such as artwork, furniture, electronics, appliances, tools, and decorations;

2. all laboratory equipment seized from 1556 Red Brick Road, Dixon, Illinois;

3. additional horse related property located at 1679 U.S. Route 52, Dixon, Illinois, including hay feeders, pens, arenas, stalls, and mats;

5. additional personal property located at 1556 Red Brick Road, Dixon, Illinois, including miscellaneous items such as furniture, electronics, appliances, tools, and decorations;

6. additional horse related property located at 1556 Red Brick Road, Dixon, Illinois, including feeders, pens, arenas, stalls, and mats;

7. one 1995 Dodge Ram 1500 Pickup, VIN: 1B7HF16Y9SS108659; and

8. additional tack items including saddles, halters, leads, bridles, bits, reigns, ropes, blankets, hoods, and collars;

(f) On November 6, 2012, an order was entered by this Court allowing for the interlocutory sale of the property named in the Amended Bill of Particulars and Second Bill of Particulars. Pursuant to the order, to date the United States Marshals Service continues to market and sell the subject property;

(g) On November 14, 2012, pursuant to Fed. R. Crim. P. 11, defendant RITA A. CRUNDWELL entered a voluntary plea of guilty to Count One of the indictment, charging her with wire fraud in violation of 18 U.S.C. § 1343, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

4

(h) In the plea agreement entered between the defendant and the United States, defendant RITA A. CRUNDWELL agreed to the entry of a forfeiture judgment in the amount of $53,740,394 and further agreed to the entry of a preliminary order of forfeiture prior to sentencing relinquishing any right, title or ownership interest that she has in the $53,740,394 judgment and in the property named in the forfeiture allegations of the indictment. Defendant RITA A. CRUNDWELL further relinquished all right, title and interest she may have in the property named in the Amended Bill of Particulars and Second Bill of Particulars;

(i) On January 14, 2013, the United States Marshals Service received a check in the amount of $2,162.08 made payable to Rita Crundwell and issued by PLN Mutual Insurance Company, for reimbursement of a cancelled property insurance policy providing coverage for the U.S. Route 52 property, the Red Brick Road property, and the Dutch Road property;

(j) In December 2012, the United States entered into a stipulated agreement with defendant RITA A. CRUNDWELL, through her attorneys, regarding the distribution of proceeds from the sale of a horse named MTK Touch of Brandy. Specifically, the defendant agreed that one half of the proceeds from the sale of the horse, after commissions and fees, would be distributed to the government. The United States submits that proceeds in the amount of $4,783.50 in lieu of the horse MTK Touch of Brandy are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), as property traceable to proceeds from the wire fraud violation of conviction;

(k) Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B) as amended on December 1, 2009, unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in

5

advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing;

(l) In accordance with this provision, the United States requested that this Court enter a judgment in the amount of $53,740,394 against defendant RITA A. CRUNDWELL, and further enter a preliminary order of forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), forfeiting all right, title, and interest of defendant RITA A. CRUNDWELL in the $53,740,394 judgment and the property and/or proceeds from the sale of such property named in the forfeiture allegations of the indictment, the Amended Bill of Particulars, and the Second Bill of Particulars, and in proceeds in the amount of $4,783.50 in lieu of the horse MTK Touch of Brandy, for disposition according to law;

(m) Furthermore, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), the United States submitted that the defendant's interest in the following properties is available as substitute assets to be applied in partial satisfaction of the outstanding forfeiture judgment. Therefore, the United States requested that this Court enter a preliminary order of forfeiture against defendant RITA A. CRUNDWELL forfeiting all right, title, and interest defendant RITA A. CRUNDWELL has in the assets held under Trust Number 1651, for disposition according to law:

1. assets held by Dixon National Bank, as Trustee under trust agreement dated May 8, 1986 and known as Trust Number 1651 ("Trust Number 1651"), including but not limited to any distributions issued on behalf of Rita Crundwell held in escrow, and

2. funds in the amount of $2,162.08 issued by PLN Mutual Insurance Company for cancellation of policy number 39876FER;

(n) Pursuant to 21 U.S.C. § 853(a) and Fed. R. Crim. P. 32.2, the United States requested that the terms and conditions of the preliminary order of forfeiture be made part of the sentence

6

imposed against defendant RITA A. CRUNDWELL and included in any judgment and commitment orders entered in this case against her.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, a forfeiture judgment is entered against defendant RITA A. CRUNDWELL in the amount of $53,740,394. It is further ordered;

2. That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and to the terms of her plea agreement, all right, title and interest of defendant RITA A. CRUNDWELL in the following property is hereby forfeited to the United States of America for disposition according to law:

    (a) $53,740,394 judgment;

    (b) all property and/or proceeds from the sale of the property named in the forfeiture allegations of the indictment;

    (c) all property and/or proceeds from the sale of the property named in the Amended Bill of Particulars including the attached inventory;

    (d) all property and/or proceeds from the of the property named in the Second Bill of Particulars; and

    (e) proceeds in the amount of $4,783.50 in lieu of the horse MTK Touch of Brandy.

It is further ordered,

3. That, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), all right, title and interest of defendant RITA A. CRUNDWELL in the following property is hereby forfeited to the United States of America for disposition according to law, as substitute assets available to be applied in partial satisfaction of the outstanding forfeiture judgment:

(a) assets held by Dixon National Bank, as Trustee under trust agreement dated May 8, 1986 and known as Trust Number 1651 ("Trust Number 1651"), including but not limited to any distributions issued on behalf of Rita Crundwell held in escrow, and

(b) funds in the amount of $2,162.08 issued by PLN Mutual Insurance Company for cancellation of policy number 39876FER.

It is further ordered,

4. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the United States Marshals Service shall seize and take custody of the foregoing property and/or proceeds from the sale of such property for disposition according to law. It is further ordered;

5. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture, including but not limited to: Lee County Treasurer's Office; Charlotte County Treasurer's Office; Leslie J. McKillips; Jeremy S. Rosheisen; Dale McPhillips; Richard A. Humphrey; Ray A. Humphrey, Jr.; Carol Ann Beardin; Linda Burkitt; and Justin Humphrey. It is further ordered,

6. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), any person other than the defendant, asserting a legal claim in the property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph five (5), whichever is earlier, petition this court

Case: 3:12-cr-50027 Document #: 70 Filed: 02/14/13 Page 15 of 15 PageID #:567

for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the court alone, without a jury. It is further ordered;

7. That, following the court's disposition of all third party interests, the court shall, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America. It is further ordered,

8. That, by an act or omission on the part of defendant RITA A. CRUNDWELL, funds in the amount of $53,740,394 cannot be located to satisfy the forfeiture judgment, pursuant to the provisions of 21 U.S.C. § 853(p) the United States has the authority to forfeit substitute assets up to the amount of $53,740,394 to satisfy the money judgment entered by this Court. It is further ordered,

9. That, should additional assets become available to satisfy the forfeiture judgment in the future, the United States shall at that time file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property in satisfaction of the forfeiture money judgment according to law. It is further ordered,

10. That, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant RITA A. CRUNDWELL and shall be made part of any judgment and commitment order entered in this case against her. It is further ordered,

11. That, this court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

DATED: 2/14/2013

PHILIP G. REINHARD
United States District Judge

9