IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) Case No. 12 CR 50027-1 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Rita A. Crundwell, | ) |
| | ) Judge Philip G. Reinhard |
| Defendant. | ) |

## ORDER

For the reasons stated below, the government's motions for turnover [174] [185] are granted. The IMRF is ordered to turnover the sum of $73,104.50 and Nationwide is ordered to turnover the sum of $17,461.36 – less any statutorily mandated withholding taxes – to the Clerk of the United States District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604 with the case number 12 CR 50027 written in the lower left corner of the check.

## STATEMENT - OPINION

The United States moves for the entry of turnover orders directed to the Illinois Municipal Retirement Fund ("IMRF") [185] (holding pension contributions made by defendant) and Nationwide Retirement Solutions ("Nationwide") [174] (holding deferred compensation owned by defendant). Defendant, Rita Crundwell, objects to the entry of these orders. The IMRF objects to the order directed to it. Nationwide does not object.[1]

On November 14, 2012, defendant pled guilty to wire fraud. In her plea agreement [45], she acknowledged that the total amount of restitution owed to the City of Dixon was $53,740,394 and that the court "must order defendant to make full restitution in the amount outstanding at the time of sentencing." She also agreed to the entry of a forfeiture judgment in the amount of $53,740,394. Certain property was identified in the plea agreement for forfeiture. The plea agreement stated: "Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the court may impose upon defendant in addition to the forfeiture judgment." Pursuant to the judgment in a criminal case [70], entered on February 14, 2013, the court ordered restitution in the amount of

---

[1] Nationwide and the government have agreed that Nationwide may withhold statutorily mandated withholding taxes from the funds to be turned over.

$53,740,394. The court also ordered forfeiture of certain property pursuant to a preliminary order of forfeiture. A final order of forfeiture [142] was entered as to the specified property on May 16, 2013 and an amended final order of forfeiture [148] was entered on June 6, 2013.

The government instituted supplementary proceedings by issuing third-party citations to discover assets to various entities and individuals, including the IMRF and Nationwide to enforce the judgment. The IMRF answered the citation served on it stating it held $73,104.50 in pension contributions made to it by defendant and claiming these funds were exempt under Illinois law. Nationwide answered the citation served on it stating it held $17,461.36 in deferred compensation plan funds of the defendant's.

Defendant argues the government's motions for turnover are procedurally improper because the government is required by the preliminary order of forfeiture to file a motion for substitution of assets before requesting permission to seize such assets. Defendant notes that the judgment entered in this case, including the order for restitution, is a final order. She points out that in her plea agreement she was required to agree to the entry of the forfeiture judgment and to entry of the preliminary order of forfeiture relinquishing her rights in the property named in the forfeiture allegations, and the amended and second amended bills of particulars. Since those documents did not identify the IMRF or Nationwide contributions, defendant argues she was not given an opportunity to address her interest in this property prior to the plea agreement and entry of the judgment in this case. She contends this renders the government's motion for turnover untimely and improper.

Defendant's argument is baseless. Forfeiture and restitution are separate matters. U.S. v. Navarrete, 667 F.3d 886, 888 (7th Cir. 2012). They are cumulative not alternative punishments. Id. The government has a restitution judgment and it may collect it "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613 (a) and (f). Illinois law allows for supplementary proceedings including citations to discover assets served on third parties. 735 ILCS 5/2-1402. The government appropriately followed these procedures in seeking to collect assets of defendant held by third parties to apply against the restitution judgment.

Defendant expressly acknowledged in her plea agreement that forfeiture "shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the court may impose upon defendant in addition to the forfeiture judgment." Despite having clearly made this acknowledgment in her plea agreement, defendant now argues to the contrary, in effect, that the government cannot proceed except by forfeiture and that as to the IMRF and Nationwide assets, it is too late to recover those assets even via forfeiture. This argument is completely at odds with the terms defendant expressly agreed to in her plea agreement and clearly contrary to established law. Navarrete, 667 F.3d at 888.

Defendant also argues that the funds held by the IMRF and Nationwide are exempt from the restitution judgment under Illinois law, 40 ILCS 5/7-217(a). This statute, which applies to

the IMRF, provides that "all accumulated contributions and other credits of employees in this Fund, and the right of any person to receive an annuity or other benefit under this Article, or a refund or return of contributions, shall not be subject to judgment, execution, garnishment, attachment, or other seizure by process, in bankruptcy or otherwise, nor to sale, pledge, mortgage or other alienation, and shall not be assignable." However, "[f]ederal law governs what is exempt from federal levy." U. S. v. Mitchell, 403 U.S. 190, 204 (1971). Exempt status under state law is not binding on the federal government. Id. Only property exempt from levy under 26 U.S.C. § 6334(a)(1) through (8), (10), and (12) is exempt from enforcement of a restitution judgment. 18 U.S.C. § 3613(a)(1). None of those provisions of Section 6334(a) exempts pension contributions or deferred compensation funds. See U.S. v. Hosking, 567 F.3d 329, 335 (7th Cir. 2009).

Defendant states in her brief that "it is not at all clear that the various circuits are aligned with respect to whether anti-alienation provisions of a state statute apply to federal forfeiture claims." She then quotes a Fourth Circuit case, Smith v. Mirman, 749 F.2d 181, 184 (4th Cir. 1984), in which the Fourth Circuit says it "sees a danger in eroding through exception the anti-alienation policy of ERISA." Mirman has nothing to do with a criminal restitution judgment, a forfeiture judgment, or a state anti-alienation provision. It deals with the non-assignability provisions of ERISA as applied in the interval between a decision to terminate an ERISA plan and the actual the distribution of the assets to participants. Mirman is completely irrelevant. Defendant's resort to Illinois exemption law is unavailing.

Defendant also asks the court to look to funds received by the victim, City of Dixon, from a settlement with the city's auditors and CPAs, and funds received from the prior forfeiture of certain property of defendant. Defendant argues that since these amounts leave the City only a few million dollars short of recovering the money she stole from it, that the court should weigh the amounts so recovered against the interest of having defendant support herself when she gets out of prison and allow her to keep the money ($90,000) held by IMRF and Nationwide.

Defendant's argument overlooks the fact that, as she acknowledged in her plea agreement, full restitution is mandatory in this case. 18 U.S.C. § 3663A(c). She does not claim full restitution has been made. She cites 18 U.S.C. § 3663(a)(1)(B) as establishing factors the court should consider in determining whether to enforce a restitution order but 18 U.S.C. § 3663(a)(1)(B) lists factors to be considered in determining whether to set restitution in circumstances where it is not mandatory. 18 U.S.C. § 3663(a)(1)(B) does not deal with enforcement of a restitution judgment. Likewise, 18 U.S.C. § 3664(f)(2) and (3), cited by defendant, deal with factors considered in determining at sentencing the manner in which restitution will be paid. Those provisions do not deal with enforcement of restitution judgments.

Even assuming that, despite the government's position that enforcement of the restitution judgment is an in rem proceeding, the court has discretion at this time to set the manner in which restitution is collected, defendant's argument is unavailing. Defendant is serving a 235-month sentence. Her projected release date is far in the future and a determination of her financial needs

and ability to support herself at that time would be highly speculative as would any discussion of the likelihood of full restitution having been made in the interim.

      For the foregoing reasons, the government's motions for turnover [174] [185] are granted. The IMRF is ordered to turnover the sum of $73,104.50 and Nationwide is ordered to turnover the sum of $17,461.36 – less any statutorily mandated withholding taxes – to the Clerk of the United States District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604 with the case number 12 CR 50027 written in the lower left corner of the check.

Date: 1/21/2015                    ENTER:

*Philip G. Reinhard*

United States District Court Judge

Electronic Notices. (LC)